# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Episource LLC Data Breach Litigation*<br><br>This Document Relates To: All Actions | Case No.: 2:25-cv-05330<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: IMPACTED DATA FILES** |

[PROPOSED] STIPULATED ORDER RE IMPACTED DATA FILES

WHEREAS, the Court previously entered an Amended Stipulated Protective Order and Qualified HIPAA Protective Order (Dkt. No. 250) ("Amended Stipulated Protective Order") in this action;

WHEREAS, Defendant Episource, LLC ("Episource") and Plaintiffs (together, the "Parties") request that the Court also enter this Stipulated Protective Order re: Impacted Data Files ("Order") and agree that the following limitations and restrictions shall apply to certain categories of information produced in this litigation, specifically impacted data files containing putative class member personally identifiable information and protected health information (the "Impacted Data Files").

THEREFORE, for good cause shown, it is hereby stipulated among the Parties and, subject to the Court's approval, **ORDERED** as follows:

1.    The Impacted Data Files shall be treated as Protected Material under the terms of the Amended Stipulated Protective Order and Qualified HIPAA Protective Order (Dkt. No. 250) ("Amended Stipulated Protective Order") entered in this litigation, except that the security provisions below will govern in case of a conflict.

2.    Episource shall produce the Impacted Data Files to Plaintiffs, or any expert(s) designated in writing by Plaintiffs, via a secure FTP ("SFTP") site. Episource shall provide all credentials, passwords, and access instructions necessary to access the SFTP site in a reasonably usable manner. The Impacted Data Files shall be secured during transfer using a strong password or encryption method, and any such passwords or access credentials shall be provided to Plaintiffs or Plaintiffs' expert(s) separately. The Impacted Data Files shall remain available for download for a reasonable period of time, but in no event longer than seven calendar days.

3.    After Episource's transfer the Impacted Data Files to Plaintiffs via SFTP, Plaintiffs or Plaintiffs' expert(s) shall download the Impacted Data Files onto a secure, encrypted storage device or computer to be used solely for purposes of this litigation. Plaintiffs shall inform Episource when the download is complete. In the event of any technical errors with the download or Plaintiffs retain additional expert(s), Episource shall

0

promptly make the Impacted Data Files available for re-download upon reasonable request.

4.    Plaintiffs or Plaintiffs' expert(s) will encrypt the Impacted Data Files using the Advanced Encryption Standard ("AES") 256 algorithm or an equivalent industry-standard encryption method.

5.    To ensure the secure handling of the Impacted Data Files while permitting reasonable expert analysis, the following requirements shall apply after the Impacted Data Files are downloaded by Plaintiffs or Plaintiffs' expert(s):

    a.  Air-Gapped Access. The Impacted Data Files shall be accessed only on a secure computing environment that is not connected to external networks while the Impacted Data Files are actively being accessed ("Air-Gapped Environment").

    b.  Limited Connectivity for Maintenance. The computing environment may be connected to the internet only when the Impacted Data Files are not accessible, and solely for purposes of installing, updating, licensing, or maintaining software reasonably necessary for analysis.

    c.  Permitted Software. The computing environment may include commercially reasonable software tools used by experts, including but not limited to data analysis, database, statistical, and visualization software.

    d.  Security Configuration. The computing environment shall be maintained using best security practices, including but not limited to timely application of all appropriate system updates and patches, continuous vulnerability management, and configurations settings consistent with security frameworks.

    e.  Wireless and External Connections. Wireless, Bluetooth, and network connections shall be disabled while the Impacted Data Files are being accessed, but need not be permanently disabled. External storage devices may be used as reasonably necessary, provided such devices comply with the encryption and security requirements of this Order, including the use of

1

FIPS 140-2 or 140-3 compliant encryption for the external storage devices.

f. Derived Materials. Plaintiffs and Plaintiffs' expert(s) may create and export derived data, summaries, analyses, or excerpts, provided that any materials containing Protected Material are handled in accordance with the Amended Stipulated Protective Order.

6. All hard drives used by Plaintiffs and Plaintiffs' expert(s) to store the Impacted Data Files will be disconnected and stored in locked, secure locations whenever not in active use or transport, with reasonable physical access controls in place to restrict and track access to such secure locations.

7. All documents or materials derived from the Impacted Data Files that contain Protected Material ("Derived Materials") shall be treated by Plaintiffs and Plaintiffs' expert(s) in accordance with the Amended Stipulated Protective Order and shall be used solely for purposes of this litigation. Derived Materials may be transferred from the Air-Gapped Environment solely for use in this litigation, provided that any Derived Materials containing Protected Material remain subject to the Amended Stipulated Protective Order. Derived Materials that do not contain Protected Material may be stored, used, and transmitted as reasonably necessary solely for purposes of this litigation.

8. Unless the Parties otherwise agree in writing, Plaintiffs and Plaintiffs' expert(s) shall not make copies of the Impacted Data Files except as reasonably necessary for purposes of secure storage, backup, and analysis consistent with this Order. Any such copies shall remain encrypted and subject to the requirements of this Order.

9. Plaintiffs shall permit access to the Impacted Data Files only as permitted under this Order. Plaintiffs may permit access to aggregate or de-identified data derived from the Impacted Data Files, as reasonably necessary solely for purposes of this litigation, consistent with the Amended Stipulated Protective Order and this Order. Plaintiffs shall maintain comprehensive, accurate, and up-to-date records sufficient to document the custody and transfer of the Impacted Data Files, including identification of the individual(s) with access to the Impacted Data Files, the location or device on which the Impacted Data

2

Files are stored, and the dates of any material transfers or copies.

10.    Plaintiffs shall notify Defendants within a reasonable time, but in no event longer than two days after Plaintiffs' Discovery (as defined in the HIPAA Breach Notification Rule), of any unauthorized access to or disclosure of the Impacted Data Files that materially compromises the security or confidentiality of such Impacted Data Files ("Security Incident"). Such notice shall include, to the extent reasonably available, a description of the nature of the Security Incident, the date(s) of the incident (if known), the date of discovery, the general categories of Impacted Data Files involved, and a description of the steps taken or planned to address and mitigate the incident. Plaintiffs shall take reasonable steps to mitigate the effects of any such Security Incident, prevent further unauthorized access or disclosure,  and provide any other information as Episource may reasonably request. Plaintiffs shall cooperate in investigating the Security Incident and in meeting Episource's or Episource's customers' obligations under the HIPAA Breach Notification Rule, and any other applicable federal or state security breach notification laws or regulatory obligations.

11.    The Parties may agree in writing that this Order shall apply to Impacted Data Files containing similar categories of information produced in response to other prior or future discovery requests propounded on Episource.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:   05/01/2026          _____

Honorable Michael B. Kaufman
U.S. Magistrate Judge

3

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 30, 2026

By: */s/ Theodore Maya*
Theodore Maya
tmaya@ahdootwolfson.com
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
**LARSON, LLP**
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Tel: (213) 436-4864

Daniel S. Robinson (SBN 244245)
drobinson@robinsonfirm.com
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA 92660
Tel: (949) 720-1288;

*Plaintiffs' Interim Co-Lead Counsel*

Daniel L. Warshaw (SBN 185365)
dwarshaw@pwfirm.com
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Tel: (818) 788-8300

*Plaintiffs' Liaison Counsel*

4

DATED: April 30, 2026

/s/ Joe Cavanaugh
Vassi Iliadis (Bar No. 296382)
Oren Kreps (Bar. No. 345494)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Tel: 310 785 4600
Fax: 310 785 4601
vassi.iliadis@hoganlovells.com
oren.kreps@hoganlovells.com

Allison Holt Ryan (*pro hac vice*)
Jennifer S. Windom (*pro hac vice*)
Joe Cavanaugh (*pro hac vice*)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: 202 637 5600
Fax: 202 637 5910
allison.holt-ryan@hoganlovells.com
jennifer.windom@hoganlovells.com
joe.cavanaugh@hoganlovells.com

*Counsel for Defendant Episource, LLC*

5

[PROPOSED] STIPULATED ORDER RE IMPACTED DATA FILES

**ATTESTATION UNDER LOCAL RULE 5-4.3.4**

I, Theodore W. Maya, attest that the above-listed signatories on whose bealf this document is being filed have concurred in the filing's content and have authorized the filing.

Dated: April 30, 2026                                   /s/ *Theodore W. Maya*
                                                        Theodore W. Maya

6

[PROPOSED] STIPULATED ORDER RE IMPACTED DATA FILES